IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANET HENNE, | ) | Case No. 4:18-cv-3111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | *DEMAND FOR JURY TRIAL* |
| LINCOLN COUNTY SCHOOL | ) | |
| DISTRICT NO. 56-0001, A/K/A | ) | |
| NORTH PLATTE PUBLIC | ) | |
| SCHOOLS, a Political Subdivision | ) | |
| of the State of Nebraska, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff states:

*JURISDICTION AND VENUE*

1. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2) in that claims are asserted under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*.

2. Venue lies in this District pursuant to 28 U.S.C. § 1391.

*PARTIES*

3. Plaintiff, Janet Henne ("Henne"), is a citizen of the United States residing in North Platte, Nebraska.

4. Defendant, Lincoln County School District No. 56-0001, a/k/a North Platte Public Schools ("NPPS"), is a political subdivision of the State of Nebraska and a Class III school district pursuant to Neb. Rev. Stat. § 79-102 (Reissue 2014). NPPS administrative offices are located in North Platte, Nebraska. The affairs of NPPS are administered by its Board of Education.

1

*FACTS*

5.    At all times material herein, NPPS was an employer pursuant to 29 U.S.C. § 2611(4).

6.    At all times material herein, Henne was an "eligible employee" pursuant to 29 U.S.C. § 2611(2).

7.    Henne began her employment as a teacher with NPPS in August 2005.

8.    On at least three occasions between October 2006 and September 2014, Henne was physically assaulted by a student while performing her duties for NPPS which led to injuries that required multiple surgeries to her shoulder and spine. Henne's injuries from the assaults require regular visits with a specialist for assessment and therapy for which NPPS docks her annual paid sick leave allotment. As a result, Henne is left with little remaining paid sick leave each year for other illnesses.

9.    Between October 2017 and February 2018, Henne requested and was approved for 136 hours of leave under the FMLA for various "serious health conditions" as provided by the FMLA. All other non-FMLA leave used by Henne during the 2017-2018 school year was approved by NPPS administration.

10.    On March 21, 2018, Henne was involved in an automobile accident which required her to be transported by ambulance to the emergency room. As a result of the automobile accident, Henne suffered a "serious health condition" as provided by the FMLA. Henne was ordered by her doctor to not return to work due to concerns that the automobile accident exacerbated her ongoing medical issues associated with the past assaults by the student.

11.    On March 29, 2018, NPPS wrongfully denied Henne's request for FMLA leave for absences resulting from the automobile accident based on its incorrect conclusion that she did

not work 1,250 hours during the previous 12 months as required by the FMLA. Neither NPPS's administration nor its third-party administrator responsible for managing FMLA leave for NPPS employees made an effort to investigate Henne's workload to confirm her FMLA eligibility. Despite Henne's approved absences during the previous 12-month period, her regular workload, extra duties and time working outside the classroom exceeded 1,250 hours.

12. On May 4, 2018, following the wrongful denial of her request for FMLA leave, NPPS administration verbally reprimanded Henne for her absences. Henne was also issued a memorandum which threatened further employment-related discipline, including termination, for future absences, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A." Henne had never previously been disciplined or counseled with regard to her absences during her employment with NPPS.

13. NPPS administration confirmed the directives contained in the May 4 memorandum after Henne expressed disagreement with the conclusion that her absences were improper.

14. NPPS's wrongful denial of Henne's request for FMLA leave and subsequent discipline associated therewith imposes negative consequences on Henne's participation in protected activities under the FMLA. NPPS's actions have the effect of chilling and intimidating Henne and other NPPS employees from making future requests for leave under the FMLA.

### CAUSE OF ACTION

*Interference under 29 U.S.C. § 2615(a)(1)*

15. Henne restates the allegations of paragraphs 1 through 14, inclusive, as set forth in full.

3

16. The conduct of NPPS, by and through its agents and employees, interfered with, restrained and/or denied the exercise of Henne's rights under the FMLA.

17. NPPS acted in bad faith, intentionally and willfully in interfering with, restraining and/or denying the exercise of Henne's rights under the FMLA.

*PRAYER FOR RELIEF*

WHEREFORE, Henne requests that the Court enter judgment against NPPS and in favor of Henne, to wit:

a. Declaratory judgment that NPPS violated Henne's rights under the FMLA;

b. Injunction preventing NPPS from engaging in any further violation of Henne's rights under the FMLA;

c. Consequential damages;

d. Liquidated damages;

e. Reasonable attorney's fees and costs; and

f. All other relief, whether at law or in equity, to which Henne is justly entitled.

PLAINTIFF REQUESTS TRIAL IN LINCOLN, NEBRASKA.

JANET HENNE, Plaintiff,

BY: s/ **Nicholas J. Welding**
Bar Number: 24737
Attorney for Plaintiff
NORBY & WELDING LLP
605 South 14th Street, Suite 220
Lincoln, Nebraska 68508
Telephone (402) 434-2390
Facsimile (402) 434-2393
E-mail: nick.welding@norbylaw.com